CARPENTER CONSTRUCTION CO. *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—SEWER CONTRACT—DETROIT CHARTER
—DELAY IN VALIDATING CONTRACT—LIABILITY OF CITY FOR IN-
CREASED COST.

Where a contract for the construction of a city sewer
was void under the city charter because no money had
been appropriated for said purpose, of which fact the con-
tractor was bound to take notice, the subsequent validating
of the contract by the city's providing the necessary money
did not relate back to the date of the original contract
and give the contractor a right of action against the city
for increased cost of performing it, on the theory that
the city breached it by neglecting to validate it earlier,
since the delay was caused by the nullity of the con-
tract, and a nullity will support no claim whatever.[1]

2. SAME—CONTRACTOR COULD NOT PERFORM CONTRACT AND HOLD
CITY FOR ADDITIONAL COST OCCASIONED BY DELAY.

Even if the city, by failing to provide the necessary
funds, did delay the work, and such delay occasioned
greater cost of construction, the contractor could not hold
the city for the increased cost, where his assignee per-
formed the contract, received the contract price, and re-
assigned the right of action, if any, to the contractor.[2]

3. SAME—CONTRACTOR COULD NOT ELECT TO PERFORM CONTRACT
AND MAINTAIN ACTION CONTRARY THERETO.

When the contract was validated the contractor had the
right of election to go ahead and perform the same or
refuse to do so, but, having elected to perform the con-
tract, and having done so, and the contract price having
been paid by the city, he is without remedy, since the
contract governs.[3]

4. SAME—CONSTITUTIONAL LAW—EXTRA COMPENSATION.

Nor could he recover as for extra compensation, the same
being expressly forbidden by the Constitution (Art. 16,
§ 3).[4]

[1]Municipal Corporations, 28 Cyc. p. 1053 (1926 Anno); [2]Id.,
28 Cyc. p. 1053 (1926 Anno); [3]Id., 28 Cyc. p. 1053 (1926 Anno);
[4]Id., 28 Cyc. p. 1052 (1926 Anno).

On right of contractor to sue on *quantum meruit* upon breach
of construction contract by other party thereto, see note in 13
L. R. A. (N. S.) 448.

Error to Wayne; Collingwood (Charles B.), J., presiding.    Submitted October 31, 1924.    (Docket No. 156.)    Decided December 10, 1924.

Assumpsit by the Carpenter Construction Company against the city of Detroit on a sewer contract.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Walter Barlow (George A. Kelly,* of counsel), for appellee.

Wiest, J.    February 13, 1918, in accordance with its accepted bid, plaintiff entered into contract with defendant city for the construction of a sewer, to be completed by January 2, 1919, for the sum of $260,192.

The Detroit city charter, tit. 6, chap. 7, provides:

"Sec. 2.    No contract shall be let or entered into for the construction of any public work, or for any work to be done, * * * and no such public work * * * shall be commenced until approved by the common council, and until the contract therefor has been duly approved and confirmed by the common council, and a tax or assessment levied to defray the cost and expense of the same, and no such work, supplies and materials shall be paid for or contracted to be paid for, except out of the proceeds of the tax or the assessment thus levied. * * *

"Sec. 5.    Before any contract to which the city shall be a party, or to which any officer or board thereof shall be a party, for the construction or repair of any pavement, sewer, building, or any other public work, shall be valid or binding upon the city, there shall be indorsed thereon by the controller, a certificate that the money proposed to be expended under said contract, is actually in the treasury or an appropriation made therefor; and it shall be unlawful for the controller to draw his warrant on account of any such contract not containing the certificate herein required.

"SEC. 6. All contracts hereafter made or entered into contrary to or not authorized by the provisions of this charter, shall be void."

The contract provided:

"It is understood and agreed, that if the department of public works is satisfied that the interest of the city will be better served by stopping the building of any sewer under this contract, said department has the right at all times to stop said work, and the contractors shall not claim or be allowed any damages on the contract, in consequence of the work being stopped."

The money, proposed to be expended under the contract, was not in the city treasury or appropriated and the contract was, therefore, void. This contract was made during the World War, and the city applied to the capital issues committee at Washington, in compliance with war measures, for permission to issue bonds for sewers for the year 1918. The authorization was granted December 19, 1918, and April 15, 1919, the city council authorized the city controller to advance, from any available funds, the amount necessary for the construction of this and some other sewers. April 19, 1919, the controller validated the contract of February 13, 1918, by indorsing thereon his certificate, that an appropriation had been made to cover the expense of the contract. April 29, 1919, plaintiff assigned the contract to the Tunnel Construction Company, organized to finance the job, and that company carried out the contract and collected the whole of the contract price, except $1,000, which sum counsel agree is not involved in this case. December 2, 1920, the Tunnel Construction Company re-assigned the contract and all rights and claims thereunder to plaintiff. Plaintiff claims that immediately following the making of the contract on February 13, 1918, it proceeded to obtain prices of materials and got ready to start the work, but March 1, 1918, was stopped

by the officers of defendant city.     This action was occasioned by observance of the charter provision relative to want of funds.     Plaintiff claims the increase in cost of materials and labor, occasioned by the delay from February 13, 1918, to April 19, 1919, amounted to $77,591.43.     This suit was brought to recover that amount.     The circuit judge directed a verdict and entered judgment for defendant and the case is here by writ of error.

The declaration contained three counts but defendant relies upon the third count, reserving, however, in case the court holds there can be no recovery under the third count, to have its right to recover upon an implied contract determined.     The third count planted right of recovery upon breach of the contract. The theory advanced in support of this is ingenious but not persuasive.     It is said the validating of the contract on April 19, 1919, fixed the rights and remedies of the parties thereto as of February 13, 1918, and the inability or neglect of the city to validate it earlier constituted a breach under which plaintiff could quit, or go ahead and carry it out, and if it performed there was reserved to it the right to claim damages.     The contract was not one under which plaintiff could do any work until it was validated on April 19, 1919.     From that time on the contract was valid but never before.

In dealing with the city plaintiff was bound to take notice of the charter provision forbidding the contract of February 13, 1918.     This provision would be rendered a liability rather than a safeguard, if subsequent compliance with the charter provisions, validating the contract, should be held to send rights and liabilities back to the time there was no contract.     No suit could have been brought upon the contract of February 13, 1918, for breach occasioned by delay, for that contract had no validity.     What could not have been done at any time up to the validation of the

contract cannot now be done.    The delay was because
the contract was a nullity.   Such nullity will support
no claim whatever; neither will subsequent validation
relate back and give a remedy where none existed
before.    But, assuming defendant, in not creating the
necessary fund, did delay the work, and such delay
occasioned greater cost of construction, could plain-
tiff's assignee perform the contract, receive the con-
tract price, re-assign right of action, if any, to plain-
tiff and permit plaintiff to hold the city for the in-
creased cost?

In *City of Newport* v. *Schoolfield,* 142 Ky. 287 (134
S. W. 503), a contractor brought suit against the city
to recover money, "which he was compelled to pay
for the materials and labor in making the street, in
excess of the sum he would have been required to pay if
he had done the work within a reasonable time after
the making of the contract."    During the course of
the work he notified the city council that he had been
delayed by the city and the cost of labor and prices
of materials had so greatly increased he could not
proceed with the contract unless the city would pay
the cost of labor and materials in excess of what would
have been the cost thereof had he been permitted to
perform within a reasonable time.    The court held
there could be no recovery.    We quote from the
syllabus:

"Where a contractor reconstructed a street under
a written contract and received the contract price
therefor from the city, he can not afterwards sue the
city for damages for the increased cost of labor and
materials used in executing the contract.    A party
to a written contract will not be permitted to execute
his part thereof and then claim rights in opposition
to the contract, in the absence of fraud, accident or
mistake practiced upon him in its execution."

When the contract was validated plaintiff had right
of election to go ahead and perform the same or

refuse to do so.    Having elected to perform the contract, and having performed the same, and the contract price having been paid by the city, plaintiff is without remedy.    The work having been performed under the contract, and the contract having been performed by the city, plaintiff can make no claim to a *quantum meruit* right of recovery.    The contract, carried out by both parties, covered the very matter now in litigation and plaintiff cannot recover as on an implied contract.    We do not understand that plaintiff seeks to recover extra compensation.    No such recovery would be permissible.

Article 16, § 3, of the Constitution of this State provides:

"Neither the legislature nor any municipal authority shall grant or authorize extra compensation to any public officer, agent, employee or contractor after the service has been rendered or the contract entered into."  *  *  *

See *Gordon* v. *State of New York*, 233 N. Y. 1 (134 N. E. 698, 21 A. L. R. 562) ; *McGovern* v. *City of New York*, 234 N. Y. 377 (138 N. E. 26).

Plaintiff is without remedy and the judgment is affirmed, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.